Case number 23-3771 United States of America v. Anthony Rice Jr. Arguments not to exceed 15 minutes per side. Mr. Christman, you may proceed for the appellant. Good morning, your honors. May it please the court, Leif Christman on behalf of Anthony Rice. Your honors, I had the pleasure of representing Mr. Rice in the plea of guilty to, without the benefit of a plea agreement, to one count of being a felon in possession of a firearm. Mr. Rice, after completing the pre-sentence report process, the pre-sentence report revealed that he had one prior conviction for aggravated robbery under Ohio Revised Code 2911-01A1. It was his only prior offense. It occurred when he was a juvenile. He served six years on that offense, and at the time of the offense that he was charged with in the district court, was still under adult parole authority supervision. So he was given two status points as a result of that. The issue in the case is whether or not the district court's judge was substantially and procedurally reasonable. The issue that we presented dealt with whether or not he was properly, his guideline range was properly calculated with the prior aggravated robbery being counted as a crime of violence under the federal sentencing guidelines. We argued that the prior offense did not apply, which obviously I put in my brief, and that the two additional status points which moved him from a criminal history category 2 to a criminal history category 3, in light of the fact that it was going to be retroactively applied and that Mr. Rice's sentencing was two months before that amendment was to take effect, that he should have been in a criminal history category 2 opposed to a criminal category 3. Is that issue something that we should remand on, or is that something that should be filed in the district court initially as a motion? I'm aware that an appellant or a defendant can file that motion with the district court for consideration without a full hearing, a full resentencing hearing, but in this case I think that it should be for a full resentencing hearing. I think that if you look at the transcript, the impact of the sentencing factors that the court was looking at with potential upward variance for the discussion about, my client was convicted of being found in possession of a firearm, but the circumstances related to an undercover sale of a firearm, there was discussion of... There wasn't an upward variance in this case, right? No, there was not. The court sentenced him at the top of the guideline, 46 months, in a criminal history category 3 with a final offense level of 19. And as it relates to the status quo, hasn't your client filed a motion, or is a motion pending before the court? There's a motion pending before the court, yes. With respect to the... Are you representing him on that motion? The motion? I am not. I'm not. I literally saw it show up on the docket as a pro se motion. So, I do think that the case should be remanded for resentencing. I think that the dynamic of the way that the sentencing came into play with the court, at the beginning of the sentencing hearing, indicating that the court was considering an upward variance for the two issues of my client's prior adjustment to incarceration. He received a number of violations on... For his institutional record, and the issue revolving the potential Glock switch sale. The court, I think, was postured to go above even the guideline where the court ultimately found him. I think that too much weight was placed on those two issues. I reminded the court that my client had not received one violation in the seven months that he'd been at Northeast Correctional, that all the prior violations related to his case when he was initially a juvenile and it was bound over. And we don't know at what point during his adjustment to being sent to adult prison those violations occurred, but... Isn't your main argument on appeal as to whether he was convicted of a crime of violence? Absolutely. Okay, so if you could focus on that with our complicated law on the subject, how would you weave us through to reach the result you want? It's very complicated. So I would point the court to United States v. Beard and United include a mens rea requirement. As a result, it's broader than generic robbery and does not constitute a crime of violence under the enumerator defense clause. And I cite Beard for that. And then Ohio aggravated robbery 29-11-01-A1, which is which my client was convicted under, has no mens rea requirement as to the force element. And the defendant thus could potentially violate the statute by brandishing the gun even negligently. And I cite White for that. I also cited two... What about whether it constitutes a generic extortion? So what I would suggest to that is that particular... The particular statute that my client was convicted under, that has not been examined by the Court of Appeals yet with respect to comparing that to the elements of extortion as enumerated in the guidelines. So we should do that then, and what should we do? I think that the court needs to do an analysis of that, and I would suggest that it does not match exactly the elements. How so? I think that there was potentially not use of force, issue of whether or not theft occurred. I know in that particular case there were a number of co-defendants. I know that the government cited the Shepard documents in that case with the underlying of offensive theft, but I would suggest that the court analyzed that aspect of it. I also cited in Supplemental Authority Ivy and Brown. I think that those are pertinent in the court's analysis of whether or not that qualifies as a crime of violence, and... Ivy and Brown, I don't think the Shepard documents revealed the underlying theft offense, and my understanding is here the Shepard documents do show that the underlying offense for the Ohio aggravated robbery was theft. So how does that impact the analysis? They do show that, Judge, and again, I think it's... So there's the question of the attempt. Does the Ohio statute allow for attempted theft to be a basis for the aggravated robbery? Yes, it does. And so under our Havis decision, we said that attempt should not be included because it was in the guideline commentary, and so how would that impact this? So I've prepared a response to that, Judge. Comparing the application to determine whether or not Havis controls over Carter, one needs to consider the following points. The procedural reasonableness. Precedents in the Sixth Circuit Court of Appeals are binding on lower courts within the circuit. Decision by the en banc court, such as in Havis, carries significant weight and generally controls over decisions of panels of the same circuit. Considering the nature of the case, Havis deals with the interpretation of a specific legal term, controlled substance offense, under the sentencing guidelines. Its holding limits the application of this term to exclude incoherent offenses, clarifying the scope of the guidelines application, and procedural reasonableness. On the other hand, Carter addresses procedural aspects of sentencing, focusing on whether the district court adequately addressed the defendant's arguments during sentencing. While Carter involves sentencing procedures rather than significant guideline interpretations like Havis, it still falls under the broader umbrella of sentencing law within the Sixth Circuit. In conclusion, given the considerations in Havis sets a clear precedent regarding the interpretation of the term controlled substance offense under the sentencing guidelines. This precedent would generally control over Carter if the issues in Carter were to directly conflict with or attempt to expand the interpretation set forth in Havis. In summary, Havis's interpretation of a controlled substance offense would control over subsequent cases involving that specific guideline term. Carter dealing with procedural reasonableness is governed by general aspects of the sentencing procedure and may not directly conflict with Havis's holding on guideline interpretation. I would, in conclusion, indicate Havis would apply where the issues concerning the interpretation of controlled substance offense, while Carter's procedural reasoning would follow broader principles of sentencing law. Your yellow light is on, so you're coming to a conclusion. Based on the totality of the arguments contained, I would respectfully request this honorable court to vacate and request this honorable court remand to the district court for a re-sentencing hearing. Thank you. Thank you very much, Your Honor. Good morning, Your Honors. May it please the court. Jason Mannion on behalf of the United States. I want to make one quick point about the sentence reduction motion, then I'll focus my time on the crime of violence issue. Judge Moore, you asked whether Anthony Rice was being represented by my opposing counsel in the district court. The Northern District of Ohio does have a process through which an indigent prisoner who files this motion will be assigned a federal public defender. I assume that's not happened in this case yet because the district court should not be considering this motion while the appeal is pending, but he would receive counsel, I believe, in the district court. I don't believe he has the resources to hire a counsel. Turning to the crime of violence issue, I understood my opposing counsel to concede that the Shepard documents in this case show that the Ohio theft offense at issue in this case is 29-1302. He's right about that. Because of that, even under Ivey's analysis, this aggravated robbery offense does qualify as a crime of violence because that particular theft offense does show that Rice obtained something of value from another. But are you relying on extortion? Yes, and only extortion. Okay, so why wouldn't the principles of Habeas apply here that the Ohio statute is broader in that it includes attempt offenses? I'm happy to discuss that on the merits. I would first point out, Your Honor, this was not an appeal that was raised, never in the district court, never in my opponent's briefing, and so we think it would be an abuse of this court's discretion to resolve this case on those grounds. And in support of that, I would point you to United States v. Senenning. Even if this were a correct analysis, we should ignore it? You should, because it was not briefed on appeal. I'd point you to United States v. Senenning-Smith, Supreme Court decision in 2020, where the Supreme Court reversed a court of appeals for having, after briefing was completed, injected a new issue into an appeal that the parties had never raised and then decided the court on that basis. The Supreme Court, in a decision by Justice Ginsburg, stressed we have an adversarial system, and under our adversarial system, the courts of appeals should resolve cases as they are brought to the court. It described courts as essentially passive instruments of government, who should normally decide only the questions presented by the parties. So, with that said, I'm happy to turn to the merits, because even under Havis's... If we were to subscribe to your position, then the remedy, I suppose, for someone who has been wrongfully sentenced to an excessive sentence would be a 2255. Is that right? I don't think a guidelines application issue is cognizable. So the fact that the lawyer might have missed something is just going to result in the person staying in jail for a much longer time. Well, in this case, I don't think you need to worry about that. I point you to the district court statement after the Bostick question, where he said that the sentence in this case would have been the same, irrespective of the guidelines calculation. So I don't think you need to worry about that in this case. But I do want to reach the merits of this, because I do think we're correct on there as well. And this is something we've not been able to brief in this case, but we have briefed before, and so I'd like to point you to our briefing first, and then I'll walk through that. In the en banc response in United States v. Carter, that's the first time that I'm aware of that this issue had ever been flagged, and we briefed that. We also briefed this in Ivey at pages 42 to 46 of the PDF of that brief. We also briefed this in U.S. v. Brown, the companion case that was decided shortly after Ivey. That was case number 223470, also at pages 42 to 46 of that brief. So I think I certainly understand why a broad reading of Carter, measured against a broad reading of Havis, would appear to be in tension. But I would point this court to the post-Havis case law in the controlled substance context that showed the breadth of what Havis' holding was. And in essence, those cases show, and even as to the same offense that was at issue in Havis itself, that a state offense that has one of its elements, an attempted act, is not the same thing as a attempted controlled substance offense. In that case, the question was about distribution, whether an attempted distribution would be a controlled substance offense. And this court's case law says, no, a fully attempted distribution would not, but a distribution which can be satisfied by attempted delivery of drugs is still a controlled substance offense, even after Havis. That there's no conflict having a state offense that has just one of its elements, an attempted act. That doesn't present a Havis problem. In what case are you relying on for that? I would point this court to United States v. Miller, the Sixth Circuit, 2022. That's a case that addressed this, as to even the same offense that was at issue in Havis. United States v. Garth is another published decision. G-A-R-T-H. United States v. Booker, Sixth Circuit, 2021. So in the briefing that I mentioned to you, we do cite to Miller and to Garth, but within those cases, they cite to, I think there were probably a dozen or more cases shortly after Havis, addressing how Havis applied to state controlled substance offenses that had, as one of their elements, an attempted act. And I think the reason for Havis' application being more narrow is that the rule of Havis is that when the guidelines in their text include a full definition of a term, controlled substance offense, crime of violence, then the commentary can't add to that list of offenses, a class of offenses that weren't listed there. But once you get to an individual word within the guidelines, distribution, extortion, then those words can be interpreted in the guidelines, or sorry, in the guidelines commentary. And so in this case, extortion was defined under the guidelines that were at issue in this case, in the commentary, defined in two ways. It was both with the definition of extortion and then defined to include inchoate offenses. I think you have to understand that the separate piece of commentary that defines crimes of violence to include inchoate offenses to be limited by the rule of Havis, which is to say they cannot add attempted extortion, full stop. But it can modify the theft element of extortion as defined elsewhere in commentary. How do you deal with the fact that the Sentencing Commission has amended the guidelines to include attempt in the guideline itself instead of the commentary? Well, I think what that tells you is that for future cases, for most future cases, what this court decides today will not have a direct impact, certainly if this court reaches the Havis issue. And that's because once the attempt language is in the text, alongside the extortion definition that was also raised... So the Havis problem disappears. Exactly. Okay, so if we were to disagree with your analysis of the impact of Havis in this case and we were to remand, what law would the district court have to apply when resentencing? Would it be the pre-guidelines amendment law or the post-guidelines amendment law? It would be pre. And the reason for that is if this court says that pre-2023 guidelines cases, extortion doesn't... Sorry, this aggravated robbery offense doesn't count as extortion because of the Havis issue, then that would cause the new guidelines to be worse for the defendant than the old guidelines. That would be an ex post facto issue. And so you would apply the more favorable pre- 2023 guidelines to that resentencing. So if we were to remand, given that and given the other issue in this case, should we... Would the defendant be eligible for the 821 amendment as well? I believe so because it would be a So I don't see any reason why, even if the district court applied the 2021 or 2018 or whichever guideline version, I don't know of any reason why the district court could not also or would not be required to calculate that with with the effect of the amendment 821. So does it make any difference whether we remand and include instructions to address the 821 issue or whether, say, if we were to affirm other than the 821 and there's a motion pending, the district court would then be authorized to decide the 821 motion. Is there any difference in how the sentencing would occur? I think your opponent was arguing for full resentencing as opposed to just a limited resentencing. So United States v. Ursary, which I cited and quoted in my 28-J letter of this week, that court or that case shows why you should not remand for a full resentencing. If you were to... If the question is whether to affirm the sentence or to remand without vacating the sentence or remanding just for consideration of the amendment 821, I don't think there's any... I don't think there's any meaning to whether there's a remand or not because there's no requirement for a remand for a motion to be considered. The district court would have the authority to act on the currently pending motion. And so I don't think that it makes a difference practically whether you affirm but remand for consideration of amendment 821 or affirm, at which point the consideration I think would happen just as a matter of course. So I don't think there's any difference there. The one other thing I'll just flag on the Havis issue is that after Havis, the Sentencing Commission retains authority to define an undefined in the text term so long as it's a reasonable interpretation of the crime. And certainly the Sentencing Commission's definition of extortion in this case is a I think mainstream definition of the term extortion and certainly more so or at least as much so as other guideline interpretation issues that this court has found not to present a problem. So for example that loss under 2B1.1 includes an intended loss or that the 75-1 rule that treats every video as consisting of 75 images is a reasonable interpretation even of the text of the word image or that a person can possess a deadly weapon under 2B3.1 when he merely pretends to possess one. The Sentencing Commission retains quite a bit of latitude still after Havis in defining words that were not already defined in the text. But the issue is you can't add anything and that's where the Havis came in and talked about the attempts and conspiracy and things of that nature. So the question is really whether the attempt adds something to extortion or the aggravated robbery definition. I understand that and I would just say that if you if you look at Booker or Garth, if you look at some of these cases what they say is that if it would violate Havis to treat distribution as a encompassing attempted distribution. If you were to envision this as just adding the word attempt in front of each of the words in the text definition of in this case crime of violence. Here we don't need that for the Ohio aggravated robbery to match because an attempted theft combined with the actions of having a deadly weapon and using it or brandishing it is a completed aggravated robbery. Even though there's an attempted action built into that and so you're not needing to add attempted extortion into the guidelines. It's a it's a completed a completed crime even though one of the elements can be satisfied by an attempt. If there are no further questions be happy to rest on our briefs. Thank you. Thank you your honors. Thank you. Thank you both for your argument. The case will be submitted and the clerk may call the next case.